UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRANCE E. LACEY, SR.,

　　　　　Petitioner,

　　　　　v.　　　　　　　　　　　　　　CAUSE NO.: 3:19-CV-057-JD-MGG

WARDEN,

　　　　　Respondent.

OPINION AND ORDER

Terrance E. Lacey, Sr., a prisoner without a lawyer, filed an unsigned[1] habeas corpus petition to challenge his conviction for manufacture and distribution of a substance represented to be a controlled substance under Cause No. 2D04-1705-F5-131. On November 9, 2017, following a guilty plea, the Allen Circuit Court sentenced Lacey to five years of incarceration with two years suspended subject to two years of probation.

Before considering the merits of Lacey's habeas corpus petition, this court must ensure that he has presented his claims "through one complete round of State-court review." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.*

---

[1] Although the petition is not signed as required by Federal Rule of Civil Procedure 11(a), it would be pointless to have Lacey submit a signed version of the petition, because it must be dismissed for other reasons.

This is not the first time that Lacey has challenged this conviction in federal court. When he brought this claim previously, it was dismissed because he had not yet exhausted his claims in state court. *Lacey v. Warden*, 3:18-CV-343 (order dismissing case dated June 11, 2018). Lacey now represents that he has exhausted his State court remedies, and yet his petition makes clear that he has not yet completed one complete round of State court review. He indicates that he did not file a direct appeal. And, while he filed a petition for post-conviction relief, he indicates that he did not appeal the outcome of that petition. While Lacey also represents that he has presented three of his four grounds to the Indiana Supreme Court, a review of the dockets in each of the three cause numbers he references in his petition (02D04-1705-F5-131, 02D06-1712-PC-120, and 18A-CR-03127) demonstrates this assertion is not accurate. Therefore, he has not exhausted his State court remedies and this case must be dismissed without prejudice so that he can exhaust his claims in the State courts. Lacey is again advised that if, after he has ultimately presented his claims to the Indiana Supreme Court, he has not yet obtained relief, then he may return to federal court and file a new habeas corpus petition.

When dismissing a habeas corpus petition because it is unexhausted, the court must "consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, Lacey's one-year limitations period for federal habeas review began to accrue when his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Lacey was sentenced on November 9, 2017, and he did not appeal his conviction. When a State

prisoner does not complete all levels of direct review, his conviction becomes final when the time for seeking such review expires. *Gonzalez v. Thayer*, 565 U.S. 134, 150 (2012). Appeals to the Court of Appeals of Indiana must be filed within thirty days of the trial court's judgment. This means that Lacey's conviction became final on December 9, 2017. He filed his petition for post-conviction relief on December 27, 2017. Filing a motion for post-conviction relief in the State courts tolls the one-year limitations period. *Id.* § 2244(d)(2). Therefore, dismissing this petition will not effectively end his chance at habeas corpus review because he will have ample time to return to this court after he exhausts his claim in State court. In sum, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As previously explained, the claims presented by Lacey are unexhausted. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE the petition pursuant to Section 2254 Habeas Corpus Rule 4 because the claims are unexhausted;

(2) DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on February 7, 2019

/s/ JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT